## State *versus* David L. Estes.

An indictment under the statute for cheating by false pretences, in which one is charged with having pawned a watch as a pledge that he would perform a certain act, falsely representing it to be worth a sum much exceeding its real value, and, at the time, representing that the watch was the property of a third person, there being no allegation that he represented he was authorized by the owner to part with it, was held to be bad on demurrer, the property taken in pledge being *confessedly* the property of another person.

Indictment under the statute for cheating by false pretences, to which the respondent filed a demurrer.

*Bradbury, Morrill & Meserve,* argued for the defendant, and cited *State* v. *Godfrey,* 24 Maine, 232; *State* v. *McKenzie,* 42 Maine, 392; *Vernon* v. *Keys,* 12 East, 631.

*Appleton,* Attorney General, *contra,* cited *People* v. *Gates,* 13 Wend. 311; *Commonwealth* v. *Strein,* 10 Met. 521; *State* v. *Philbrick,* 31 Maine, 401; *State* v. *Mills,* 17 Maine, 211; *Davis'* Preced. 91; *Train & Head's* Preced. 85; *Rex* v. *Hamilton,* 9 Ad. & El., N. S. 274; *Wharton's* C. L., § § 2161 and 2150; *Commonwealth* v. *Merrill & al.* 8 Cush. 571; *Commonwealth* v. *Hubbart,* 12 Met. 446.

State *v.* Estes.

But one of the several causes of demurrer relied on by the defendant's counsel was considered in the opinion of the Court, which was drawn up by

CUTTING, J. — The demurrer admits the truth of the averments, which in substance are, that the respondent received from one Moses Rollins a certain note which Rollins held against him, in consideration of his promise, within a certain time to procure another note for the same amount, signed by himself and his father, and deliver as a substitute for the one taken up. And, to induce Rollins thus to part with his note upon the promise to produce the substitute, *it is alleged* that the respondent pawned a watch, falsely representing it to be worth a sum much exceeding its real value. But it is *further* alleged that the respondent, at the same time, represented that the watch was the property of his wife, and it is not alleged that he represented he was authorized by her to part with it. The facts, then, presented, are simply these; a watch, *confessedly* the property of another, is taken as a pledge. The true title to the thing was disclosed, which rendered its glittering characteristics of no consequence to the over credulous recipient. The wife, at any time, could have reclaimed her watch, without jeopardy to her husband. Under these circumstances, if the pawner is chargeable with turpitude, the pawnee is equally so with stupidity. The Government cannot punish the one or protect the other.

*Demurrer sustained,*
*Indictment quashed.*

TENNEY, C. J., and RICE, APPLETON, MAY and GOODENOW, J. J., concurred.